IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:19-cr-00131

ROBERT LOGAN GORMAN

ORDER

Pending before the court is Defendant Robert Logan Gorman's Motion for Reconsideration of his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [ECF No. 50]. The court, in deciding compassionate release motions, will consider the following: whether the defendant has exhausted his administrative remedies and demonstrated "extraordinary and compelling reasons," and whether release is supported by the § 3553(a) factors. In deciding what constitutes "extraordinary and compelling reasons" for release by reason of COVID-19, a defendant must demonstrate that he has a medical condition listed by the Centers for Disease Control and Prevention as causing an increased risk of severe illness from COVID-19 and that he is at a facility which cannot effectively prevent the spread of the virus.

For the reasons explained herein, the motion is **DENIED**.

I. BACKGROUND

On September 26, 2019, I sentenced Mr. Gorman to 78 months of imprisonment after he pled guilty to unlawful drug user in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), and illegal possession of a firearm

silencer in violation of 26 U.S.C. §§ 5861(d) and 5871. [ECF No. 26]. According to the Federal Bureau of Prisons ("BOP") Mr. Gorman has a projected release date of April 19, 2024. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 14, 2021).

Mr. Gorman is imprisoned at Federal Correctional Institution ("FCI") Hazelton in Kentucky. FCI Hazelton is a medium security federal correction institution with a secure female facility. *FCI Hazelton*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/haf/ (last visited Feb. 14, 2021). FCI Hazelton currently houses 1,760 total inmates. *Id.* As of February 14, 2021, there are two active cases of COVID-19 among prisoners and four active cases among staff at FCI Ashland. *See COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Feb. 14, 2021). The BOP reports that FCI Hazelton has 150 other inmates who have already contracted and recovered from COVID-19, and that one inmate as died of the disease there. *Id.* FCI Hazelton has fully vaccinated 327 of its inmates. *Id.*

Mr. Gorman has requested compassionate release before. [ECF No. 42]. I denied that first Motion for a failure to demonstrate extraordinary and compelling reasons justifying his release. [ECF No. 49].

## II. DISCUSSION

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before they make such requests, defendants must ask BOP to do so on their behalf and then wait 30 days. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment." 18 U.S.C.

§ 3582(c)(1)(A)(i); *see also United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). I have previously held that an inmate must re-exhaust his administrative remedies before I will consider a renewed Motion for compassionate release. *United States v. Mills*, No. 2:17-CR-00124-1, 2021 WL 372811, at *2 (S.D.W. Va. Feb. 3, 2021). Once an inmate has satisfied administrative exhaustion, courts may reduce their sentences upon a finding of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A).

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release."[1] *United States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020). But the United States Court of Appeals for the Fourth Circuit has clarified that district courts are not bound by the enumerated extraordinary and compelling reasons listed in United States Sentencing Guideline § 1B1.13 because the Guidelines have not been updated since the passage of the First Step Act. *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means the district court need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."). Therefore, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

---

[1] The specific extraordinary and compelling reasons listed in the Sentencing Guidelines for BOP to consider include i) the defendant is suffering from a terminal or serious medical condition; ii) age of defendant; iii) family circumstances of defendant; and iv) "other reasons." U.S.S.G. § 1B1.13; *United States v. Bass*, No. 1:10-CR-166 (LEK), 2020 WL 2831851, at *3–4 (N.D.N.Y. May 27, 2020).

I have joined other courts in holding that I cannot find that "extraordinary and compelling" reasons exist to grant release because of COVID-19 unless the inmate has a medical condition that puts him or her more at risk for developing a serious illness from COVID-19 *and* the facility where the inmate is housed has conditions such that its inmates are at a higher risk of contracting COVID-19. *United States v. Boston*, No. 2:19-cr-00162, 2021 WL 77466, at *3–4 (S.D. W. Va. Jan. 7, 2021); *see also United States v. Raia*, 954 F.3d 594, 594 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Penaloza*, No. 19-238, 2020 WL 1555064, at *2 (D. Md. April 1, 2020) ("[T]he mere presence of the virus, even in the detention setting, does not translate to the release of a person accused."). In deciding which conditions result in an inmate being a higher risk for COVID-19, I will defer to CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 14, 2021).

Because Mr. Gorman wants me to consider new information that was not included with his first Motion for compassionate release, I will treat this as a renewed Motion for Compassionate Release.

Here, Mr. Gorman has not demonstrated that he exhausted his administrative remedies for this second Motion for Compassionate Release. In addition to his failure to re-exhaust, Mr. Gorman has again failed to demonstrate extraordinary and compelling reasons justifying his release. Mr. Gorman does suffer from health conditions that put him at a higher risk for serious illness should he contract COVID-

19 including COPD, obesity, and bladder cancer. [ECF No. 49, at 7–8]. However, while there was a recent outbreak of COVID-19 at FCI Hazelton, that outbreak appears to have been brought under control. There are currently only two active cases among inmates and four active cases among staff and In connection with my previous findings about the dangerous nature of Mr. Gorman's criminal history [ECF No. 49, at 10–11], I cannot find that extraordinary and compelling reasons exist to justify his early release. Therefore, the Motion [ECF No. 50] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: February 17, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE